UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AXA EQUITABLE LIFE INSURANCE COMPANY,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TERESA TUSCANO, as Administrator OF THE ESTATE OF CASANDRA HAYDEN, CHRISTIE HENSLER, MATTHEW HENSLER, and CHARMAINE CLAWSON,<br><br>　　　　　　　　Defendants. | Civil Action No.: 2:20-cv-993 |

## AXA EQUITABLE LIFE INSURANCE COMPANY'S COMPLAINT FOR RELIEF IN INTERPLEADER

Plaintiff, AXA Equitable Life Insurance Company ("AXA Equitable"), through its undersigned counsel, for its Complaint for Relief in Interpleader avers as follows:

PARTIES

1.　　AXA Equitable is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York. AXA Equitable is duly authorized to do business in the Commonwealth of Pennsylvania.

2.　　Upon information and belief, Defendant Teresa Tuscano ("Tuscano") is an adult citizen of Pennsylvania and domiciled in Westmoreland County, Pennsylvania, and was appointed by the Westmoreland County Register of Wills as Representative of the Estate of Cassandra Hayden ("Hayden Estate"), which is also deemed a citizen of Pennsylvania, and is named herein in her capacity as Administrator of the Hayden Estate.

3. Upon information and belief, Defendant Christie Hensler is an adult citizen of Texas and domiciled in Polk County, Texas.

4. Upon information and belief, Defendant Matthew Hensler is an adult citizen of Texas and domiciled in Polk County, Texas.

5. Upon information and belief, Defendant Charmaine Clawson is an adult citizen of Pennsylvania and domiciled in Westmoreland County, Pennsylvania.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction under 28 U.S.C. § 1335 in that the Defendants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967). Upon information and belief, the defendants are citizens of Pennsylvania and Texas.

7. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

CAUSE OF ACTION IN INTERPLEADER

8. AXA Equitable issued Accumulator Series Annuity number 309004083 (the "Annuity") to Cassandra Hayden ("Annuitant"). *A specimen copy of the Annuity contract is attached hereto as **Exhibit A***.

9. In the application ("Application") for the Annuity dated December 30, 2003, the Annuitant designated the following individuals as beneficiaries to the Annuity death benefits for the percentage shares indicated:

> Christie Hensler, friend – 30 %;
> Matthew Hensler, friend – 30% ; and

Charmaine Clawson, sister – 40%.

*A copy of the Application is attached hereto as **Exhibit B**.*

10. In accordance with AXA Equitable's customary procedures and applicable law, in order for AXA Equitable to provide information regarding an annuity to an annuitant's Attorney-In-Fact or conduct any other transactions regarding that annuity, the company requires that two separate forms be completed in good order and provided to the company: (i) Power of Attorney Customer Identification form; and (ii) Declaration of Attorney-in-Fact form. *Blank copies of these two forms are collectively attached hereto as **Exhibit C**.*

11. By Power of Attorney Customer Identification form dated December 27, 2019, Tuscano identified herself as having Power of Attorney concerning certain specified areas of the Annuitant's financial affairs. *A copy of the Power of Attorney Customer Identification form dated December 27, 2019 and copy of the Durable Financial Power of Attorney dated December 19, 2019 are collectively attached hereto as **Exhibit D**.*

12. AXA Equitable did not receive a completed Declaration of Attorney-in-Fact from Tuscano in connection with the Annuitant or the Annuity.

13. Upon information and belief, the Insured died on January 24, 2020. *A copy of the Insured's Certificate of Death is attached hereto as **Exhibit E**.*

14. As a result of the death of Insured, Annuity death benefits (the "Death Benefit")[1] became due to a beneficiary or beneficiaries and AXA Equitable concedes liability to that effect.

15. By letter dated March 6, 2020 and addressed to an AXA Equitable financial advisor, Tuscano asserted a claim to the Death Benefit for payment of expenses incurred by the Hayden

---

[1] Due to the terms of the Annuity and nature of its underlying investments, the funds are subject to market fluctuation and will be calculated on the date of distribution, subject to a guaranteed minimum benefit of $30,682.06. For reference only, the Death Benefit would have been $51,879.80 if calculated and distributed on June 26, 2020.

Estate for services related to the Annuitant's final days at the Bethlen Home of the Hungarian and for services related to the Annuitant's final arrangements provided by Graft Funeral Home, Inc. and Westmoreland Co. Memorial Park. *A copy of the letter dated March 6, 2020, with enclosures, is attached hereto as* **Exhibit F**.

16. By Accumulator Series Lump Sum Distribution form dated April 17, 2020, Matthew Hensler asserted a claim to the Death Benefit. *A copy of the Matthew Hensler Accumulator Series Lump Sum Distribution form dated April 17, 2020 is attached hereto as* **Exhibit G**.

17. By Accumulator Series Lump Sum Distribution form dated April 17, 2020, Christie Hensler asserted a claim to the Death Benefit. *A copy of the Christie Hensler Accumulator Series Lump Sum Distribution form dated April 17, 2020 is attached hereto as* **Exhibit H**.

18. By Accumulator Series Lump Sum Distribution form dated May 29, 2020, Charmaine Clawson asserted a claim to the Death Benefit. *A copy of the Accumulator Series Lump Sum Distribution form dated May 29, 2020 is attached hereto as* **Exhibit I**.

19. There have been no other claims for the Death Benefit.

20. Under the circumstances, AXA Equitable can neither factually nor legally determine who is entitled to the Death Benefit. By reason of the actual or potential claims of the Defendants, AXA Equitable is or may be exposed to multiple liability.

21. AXA Equitable is ready, willing and able to pay the Death Benefit in accordance with the terms of the Annuity and to whomever this Court shall designate.

22. As a mere stakeholder, AXA Equitable has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit due and respectfully requests that this Court determine to whom said benefits should be paid.

23. Accordingly, pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. Rules 22 and 67, AXA Equitable seeks to deposit the funds at issue with the Registry of the Court for subsequent disbursement in accordance with the judgment of this Court and other relief in Interpleader.

24. AXA Equitable has not brought this Complaint for Relief in Interpleader at the request of any of the Defendants. There is no fraud or collusion between AXA Equitable and any of the other parties. AXA Equitable brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, AXA Equitable prays that the Court enter judgment:

(a) requiring the Defendants to answer this Complaint for Relief in Interpleader and litigate their claims between themselves for the Death Benefit;

(c) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(d) permitting AXA Equitable to deposit the amount of the Death Benefit into the Registry of the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(e) discharging AXA Equitable from any and all further liability to the Defendants relating in any way to the Annuity and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(f) dismissing with prejudice AXA Equitable from this action following deposit of the Death Benefit with the Registry of the Court or as otherwise directed by this Court;

(g) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Annuity and/or the Death Benefit;

(h) awarding AXA Equitable its attorneys' fees and costs in their entirety; and

(i) awarding AXA Equitable any other and further relief that this Court deems just and proper.

Dated: July 2, 2020                                           Respectfully Submitted,

/s/ Jaclyn D. Malyk
Jaclyn D. Malyk (Atty Id. 308589)
**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**

5

        Four Century Drive, Suite 350
Parsippany, NJ 07054
Telephone: (973) 734-3200
Facsimile:  (973) 734-3201
E-Mail: jmalyk@darcambal.com
*Attorneys for Plaintiff, AXA Equitable Life Insurance Company*